IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AIDAN WILLIAM BUTSKO,

 Plaintiff,

  v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

 Defendant.

: Civil No. 1:25-CV-1128
:
:
:
:
:
: (Chief Magistrate Judge Bloom)
:
:
:
:

## MEMORANDUM OPINION

I. Introduction

Aidan William Butsko filed an application under Titles II and XVI

of the Social Security Act for disability and disability insurance benefits

and supplemental security income on December 21, 2022.[2]  Following a

hearing before an Administrative Law Judge ("ALJ"), the ALJ found that

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Bisignano is substituted as the defendant in this suit.

[2] Tr. 17.

Butsko was not disabled from his alleged onset date of January 1, 2022,[3] through June 27, 2024 the date of the ALJ's decision.[4]

Butsko now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record, and mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[5] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II.   Statement of Facts and of the Case

Butsko filed for disability and disability insurance benefits, as well as supplemental security income, alleging disability due to autism spectrum disorder, anxiety, and attention deficit hyperactive disorder

---

[3] Butsko initially alleged that he was disabled as of August 16, 2001. (Tr. 17). However, the ALJ determined that the earliest potential eligibility date was January 1, 2022, when Butsko first met the insured status requirement (*see* tr. 248-51), and so considered that the earliest potential onset date. (Tr. 19).

[4] Tr. 17.

[5] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

("ADHD").[6]  Butsko was 20 years old at the time of his alleged onset of disability, had at least a high school education, and had no past relevant work.[7][8]

An ALJ held a hearing on Butsko's disability application on June 5, 2024.[9]  Butsko and a Vocational Expert both appeared and testified at this hearing.[10]  Following this hearing, on June 27, 2024, the ALJ issued a decision denying Butsko's application for disability benefits.[11]  The ALJ first concluded that Butsko had not engaged in substantial gainful activity since his earliest potential onset date, January 1, 2022.[12] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from the severe impairments of generalized

---

[6] Tr. 277.

[7] Tr. 26.

[8] Butsko did not outline the pertinent medical/vocational evidence of record in his brief as required by local rules.  (*See* M.D. Pa. L.R. 83.40.4(a)).  We will therefore forego recitation of the administrative record, except to say that the record contains medical records and medical opinion evidence, which the ALJ found supported the existence of three severe impairments.

[9] Tr. 34-52.

[10] *Id.*

[11] Tr. 14-33.

[12] Tr. 20.

anxiety disorder, autism, and ADHD.[13]   At Step 3, the ALJ reviewed Butsko's limitations in the "paragraph B" criteria and found that Butsko had no limitations in understanding, remembering, or applying information, a mild limitation to adapting or managing oneself, and moderate limitations in interacting with others and in concentrating, persisting, or maintaining pace.[14]   The ALJ also concluded the evidence failed to establish the presence of the "paragraph C" criteria.[15] Accordingly, the ALJ found none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[16]

Between Steps 3 and 4, the ALJ concluded that Butsko:

[H]a[d] the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to work with simple and routine tasks involving only simple, work-related decisions and with only occasional interaction with supervisors, coworkers, and the public.[17]

---

[13] *Id.*
[14] Tr. 20-22.
[15] Tr. 21-22.
[16] Tr. 22.
[17] Tr. 22.

4

In reaching this RFC determination, the ALJ considered the objective medical record, the medical opinion evidence, and Butsko's reported symptoms. With respect to the medical opinion evidence, the ALJ first considered the opinion of state agency consultant Dr. Jennifer Croyle, PsyD.[18] Dr. Croyle found that Butsko could:

> [M]eet the basic mental demands to complete one- to two-step tasks on a sustained basis despite the limitations resulting from their mental health impairment; can carry out very short and simple instructions; can make simple decisions; can complete tasks within a routine schedule and at a consistent pace; can maintain regular attendance and be punctual; and would not require special supervision in order to sustain a routine.[19]

The ALJ found this opinion persuasive.[20] He explained that Dr. Croyle's opinion was consistent with certain objective clinical findings in the record, and was supported by, *inter alia*, longitudinal medical evidence that Butsko's symptoms were stabilized by routine, conservative care.[21]

---

[18] Tr. 25.

[19] Tr. 25, 81-82.

[20] Tr. 27-28.

[21] *Id.*

The ALJ was also persuaded by the opinions of Dr. Timothy Ostrich, PsyD and Dr. Angela Chiodo, PsyD.[22] These doctors both opined that Butsko had moderate limitations in concentration, persistence, and pace, but no more than mild limitations in the other areas of mental functioning, and could "carry out very short and simple instructions; can make simple decisions; can complete tasks within a routine schedule and at a consistent pace; can maintain regular attendance and be punctual; and would not require special supervision in order to sustain a routine."[23] The ALJ found these findings consistent with objective clinical findings and supported by the longitudinal medical evidence.

With respect to Butsko's symptoms, the ALJ found that Butsko's statements concerning the intensity, persistence, and limiting effects of his impairments were not entirely consistent with the medical evidence.[24] Butsko testified that he was able to work a part time job, but that his mental health suffered when his hours were increased, that he has specialists visit him at home once a week to help with his activities of

---

[22] Tr. 25-26.
[23] Tr. 26, 64, 561-67.
[24] Tr. 23.

6

daily living, and that he can drive—but only with parental supervision.[25] Butsko's mother also testified and discussed Butsko's time attending some college, the community support staff and behavioral specialist consultants who helped him to practice things like driving and cooking, and his stimming behaviors, which worsened when his work hours increased.[26]

The ALJ ultimately found Butsko's testimony to be inconsistent with the objective clinical findings.[27]  The ALJ recounted the objective evidence during the alleged disability period, contrasting the extra support Butsko needed to get through portions of high school with the fact that Butsko was eventually able to attend normal classes.[28]  The ALJ noted that Butsko attended some college courses, and that medications were effective in managing his symptoms at that time.[29]  The ALJ also considered Butsko's examination with Dr. Chiodo, noting, *inter alia*, that Butsko generally presented well, had a coherent thought process, and

---

[25] Tr. 39-43.

[26] Tr. 43-48.

[27] Tr. 23.

[28] *Id.*

[29] *Id.*

7

showed no memory issues.[30]  Ultimately, the ALJ concluded that Butsko was not as limited as he alleged.

Having made these findings, the ALJ found at Step 4 that Butsko had no relevant past work but found at Step 5 that he could perform the occupations of stock clerk at night, office cleaner off hours, and office helper.[31]  Accordingly, the ALJ found that Butsko had not met the stringent standard prescribed for disability benefits and denied his claim.[32]

This appeal followed.  On appeal, Butsko argues the ALJ failed to consider certain impairments severe, failed to implement limitations from certain impairments, and failed to properly consider if Butsko qualified for one of the Commissioner's listings.[33]  This case is fully briefed and is therefore ripe for resolution.  For the reasons set forth below, we will affirm the decision of the Commissioner.

---

[30] Tr. 24.
[31] Tr. 26-27.
[32] Tr. 27-28.
[33] Doc. 9.

## III.   Discussion

### A.   Substantial Evidence Review – the Role of this Court

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[34]   Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[35]   Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[36]

A single piece of evidence is not substantial evidence if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence."[37]   However, where there has been an adequately developed factual record, substantial evidence may be "something less than the

---

[34] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

[35] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[36] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[37] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)) (internal quotations omitted).

weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence."[38]  The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[39]

The Supreme Court has explained the limited scope of our review, noting that "[substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[40]  Under this standard, we must look to the existing administrative record to determine if there is "'sufficient evidence' to support the agency's factual determinations."[41]  Thus, the question before us is not whether the claimant is disabled, but rather whether the Commissioner's finding that he or she is not disabled is

---

[38] *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

[39] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

[40] *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[41] *Id.*

supported by substantial evidence and was based upon a correct application of the law.[42]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[43] Thus, we cannot re-weigh the evidence. Instead, we must determine whether there is substantial evidence to support the ALJ's findings.  In doing so, we must also determine whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision.[44]  This does not require the ALJ to use "magic" words, but rather the ALJ must discuss the evidence and explain the reasoning behind his or her decision with more than just

---

[42] *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at \*1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The Secretary's determination as to the status of a claim requires the correct application of the law to the facts"); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

[43] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[44] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).

conclusory statements.[45]    Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[46]

### B.    Initial Burdens of Proof, Persuasion, and Articulation for the ALJ

To receive disability benefits under the Social Security Act, a claimant must show that he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."[47]  This requires a claimant to show a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[48]  To receive benefits under Title II of the Social Security Act,

---

[45] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).

[46] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

[47] 42 U.S.C. §423(d)(1)(A); 42 U.S.C. §1382c(a)(3)(A); *see also* 20 C.F.R. §§404.1505(a), 416.905(a).

[48] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).

a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[49]

In making this determination, the ALJ follows a five-step evaluation.[50]    The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[51]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity (RFC).  RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[52]  In making this assessment, the ALJ must consider all the claimant's medically determinable impairments, including any non-

---

[49] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[50] 20 C.F.R. §§404.1520(a), 416.920(a).
[51]20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).
[52] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).

severe impairments identified by the ALJ at step two of his or her analysis.[53]  Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[54]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[55]  If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[56]

With respect to the RFC determination, courts have followed different paths when considering the impact of medical opinion evidence on this determination.  While some courts emphasize the necessity of medical opinion evidence to craft a claimant's RFC, other courts have

---

[53] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).

[54] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).

[55] *Mason*, 994 F.2d at 1064.

[56] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

taken the approach that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."[57]   Additionally, in cases that involve no credible medical opinion evidence, courts have held that "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[58]

Given these differing approaches, we must evaluate the factual context underlying an ALJ's decision.   Cases that emphasize the importance of medical opinion support for an RFC assessment typically arise in the factual setting where well-supported medical sources have found limitations to support a disability claim, but an ALJ has rejected the medical opinion based upon an assessment of other evidence.[59] These cases simply restate the notion that medical opinions are entitled to careful consideration when making a disability determination.   On the other hand, when no medical opinion supports a disability finding or

---

[57] *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006); *see also Biller v. Acting Comm'r of Soc. Sec.*, 962 F. Supp. 2d 761, 778–79 (W.D. Pa. 2013).
[58] *Cummings v. Colvin*, 129 F. Supp. 3d 209, 214–15 (W.D. Pa. 2015).
[59] *Biller*, 962 F. Supp. 2d at 778–79.

15

when an ALJ relies upon other evidence to fashion an RFC, courts have routinely sustained the ALJ's exercise of independent judgment based upon all the facts and evidence.[60]   Ultimately, it is our task to determine, considering the entire record, whether the RFC determination is supported by substantial evidence.[61]

### C.    The ALJ's Decision is Supported by Substantial Evidence.

Our review of the ALJ's decision denying an application for benefits is significantly deferential.  Our task is simply to determine whether the ALJ's decision is supported by substantial evidence in the record; that is "only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[62]   Judged against this deferential standard of review, we conclude that substantial evidence supported the ALJ's decision in this case.

Butsko's first argument is that the ALJ erred by "failing to consider [Butsko's]   medically   determinable   impairments   to   be   severe

---

[60] *See Titterington,* 174 F. App'x 6; *Cummings,* 129 F. Supp. 3d at 214–15.

[61] *Burns,* 312 F.3d 113.

[62] *Biestek*, 139 S. Ct. at 1154.

impairments, including [his] generalized anxiety disorder, autism, and ADHD."[63]  At the outset, the ALJ found all three of these impairments severe.[64]  Butsko's actual contention appears to be that the RFC did not include "proper limitations" regarding Butsko's abilities to focus, concentrate, remember instructions, remain on task, and engage in more than part time work, nor his needs for special instruction or supervision and for non-scheduled breaks.[65]  Butsko lists several pages of record evidence that he believes demonstrate a need for "more substantial limitations" in those areas, arguing the evidence should have led to a different result.[66]  This is clearly a request for this court to re-weigh the evidence, which is not our role.[67]  Our role is to determine if the ALJ's decision is supported by substantial evidence.[68]  Here, the ALJ explained, relying on myriad references to medical evidence and medical opinion evidence, why he included the limitations present in Butsko's RFC.[69]  We

---

[63] Doc. 9 at 10-11.
[64] Tr. 20.
[65] Doc. 9 at 14.
[66] *Id.* at 13-18.
[67] *Zirnsak*, 777 F.3d at 611.
[68] *Biestek*, 139 S. Ct. at 1154.
[69] Tr. 22-26.

17

therefore conclude the RFC is supported by substantial evidence, and that this argument is unavailing.

Next, Butsko argues the ALJ erred by failing to consider Butsko's learning disorder and "obvious cognitive issues" to be medically determinable impairments.[70]  He claims that these impairments "clearly limit [him] functionally, per the record in this matter."[71]  To establish a medically determinable impairment, the impairment must be "shown by medically acceptable clinical and laboratory diagnostic techniques" and be "established by objective medical evidence from an acceptable medical source."[72]  Butsko does not cite to any such evidence, instead stating "the record" broadly supports limitations pursuant to these impairments, and referring generally to his high school IEP and weekly specialist visits.[73] Those vague references are insufficient to establish medically determinable impairments, and so we cannot say the ALJ erred in not considering them.  Additionally, Butsko fails to explain how further

---

[70] Doc. 9 at 18-21.
[71] Doc. 9 at 20.
[72] 20 C.F.R. § 416.921
[73] Doc. 9 at 20.

18

consideration of these issues would have changed the outcome, which is a requirement for a successful appeal.[74]    Thus, this argument is unavailing.

Butsko's last argument is that the ALJ erred in various ways at Step 3. At Step 3, the ALJ is required to determine whether a claimant's impairments or combination of impairments are so severe that they are *per se* disabling, entitling the claimant to benefits.    As part of this analysis, the ALJ must determine whether a claimant's alleged impairment is equivalent to one or more listed impairments, commonly referred to as listings, that are acknowledged to be so severe as to preclude the claimant from working.[75]

Thus, if a claimant's impairment meets or equals one of the listed impairments, the claimant is considered *per se* disabled and is awarded benefits.[76]    The claimant bears the burden of presenting "medical findings equivalent in severity to *all* the criteria for the one most similar

---

[74] *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

[75] 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. P, App. 1; *Burnett*, 220 F.3d 112, 119.

[76] 20 C.F.R. §416.920(d); *Burnett*, 220 F.3d at 119.

impairment."[77]   An impairment that meets or equals only some of the criteria for a listed impairment will not be sufficient.[78]

This Step 3 determination is a medical determination.  Accordingly, the claimant must present medical evidence or a medical opinion showing that his or her impairment meets or equals a listing.  However, the ALJ is not required to accept a physician's opinion if the opinion is not supported by objective medical evidence.[79]  The ALJ is responsible for identifying the relevant listed impairments, given that it is it is "the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."[80]

Butsko argues that the ALJ did not refer to the "part A criteria" when considering Listing 12.10, that Butsko met that criteria as well as the "part A" and "part C" criteria for Listing 12.11, and that the ALJ did not reference Listing 12.05 despite "clear evidence" of relevant

---

[77] *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (citing 20 C.F.R. § 416.920(d); SSR 83-19 at 91).

[78] *Id.*

[79] *See Schwartz v. Halter*, 134 F. Supp. 2d 640, 659 (E.D. Pa. 2001).

[80] *Burnett*, 220 F.3d at 120 n.2.

symptoms.[81] Butsko does explain why the alleged shortcomings are errors, nor what evidence allegedly supports different outcomes, nor does he cite the record at all.[82] He also fails to meet his burden to present "medical findings equivalent in severity to *all* the criteria for the one most similar impairment."[83] Further, Butsko fails to explain what would have been different about the result but for the alleged error which, as discussed, is necessary for a successful appeal.[84] Put simply, this argument is underdeveloped and unavailing.

Given that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence, we find no error with the decision. Therefore, under the deferential standard of review that applies to appeals of Social Security disability determinations, we conclude that

---

[81] *Id.*

[82] Doc. 9 at 21-23.

[83] *Sullivan,* 493 U.S. at 531 (citing 20 C.F.R. § 416.920(d); SSR 83-19 at 91).

[84] *Holloman*, 639 F. App'x at 814 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

21

substantial evidence supported the ALJ's evaluation of this case, and this decision will be affirmed.

## IV.    Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: April 23, 2026.

22